IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| JUWANE HUNTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 7:15-cv-08032-LSC |
| ) | (7:12-cr-00495-LSC-JEO-2) |
| UNITED STATES OF ) | |
| AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### MEMORANDUM OF OPINION

## I. INTRODUCTION

This is a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, filed by petitioner Juwane Hunter ("Hunter"). (Doc. 1.) Hunter pled guilty in this Court to four counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). He was sentenced to a term of imprisonment for 300 months and now challenges his sentence. For the reasons set forth below, this motion is due to be dismissed.

## II. BACKGROUND

In November of 2012, Hunter was charged by a federal grand jury with four counts of Hobbs Act robbery—Counts 1, 2, 4, and 6—in violation of 18 U.S.C. §

1951, and three counts of brandishing a firearm—Counts 3, 5, and 7—in violation of 18 U.S.C. § 924(c)(1)(A)(ii), during and in relation to the robberies underlying Counts 2, 4, and 6. In the months leading up to trial, Hunter's attorney, David Luker, filed a motion to have Hunter undergo psychological and neuropsychological evaluations to determine Hunter's competency. This motion was granted, and Hunter was examined by forensic psychologist Dr. Kimberly Ackerson and by clinical neuropsychologist Dr. H. Randall Griffith.

From his evaluation, Dr. Griffith determined that there was "no compelling evidence" to suggest that Hunter was suffering a mental disease or defect at the time he committed the robberies. (Cr. Doc. 37 at Page 8.)[1] Further, Dr. Ackerson's forensic evaluation led her to find that Hunter "was not suffering from a serious mental illness" at the time of the robberies and that "he possessed sufficient cognitive capacity to both understand and appreciate . . . that his actions were wrong." (Cr. Doc. 40 at Page 9.) Both evaluations also indicated that Hunter failed to invest genuine effort during his testing, and Dr. Ackerson noted that Hunter's "responses on personality assessment revealed not only symptom exaggeration but a deliberate attempt to present in an unfavorable light." (Cr. Doc. 40 at Page 8; Cr. Doc. 37 at Page 8.)

---

[1] "Cr. Doc." Refers to an entry on the docket sheet in the underlying criminal case, No. 7:12-cr-00495-LSC-JEO-2.

Hunter entered into a binding plea agreement in which he pled guilty to four counts of Hobbs Act robbery (Counts 1, 2, 4, and 6) and one count of brandishing a firearm (Count 5). The government agreed to dismiss the other two counts of brandishing a firearm. At his plea hearing, Hunter stated that he had no complaints about Attorney Luker's representation and that Attorney Luker had done "a good job." (Cr. Doc. 93 at Page 7.) Hunter further agreed that Attorney Luker had spent what Hunter thought was a "sufficient amount of time" meeting with and talking to him. (Cr. Doc. At Page 7.) The Court accepted Hunter's guilty plea. Before sentencing, Hunter filed a pro se motion to withdraw his guilty plea, contending that his attorney did not communicate with him, visit him, or review defenses with him. The Court denied Hunter's motion to withdraw his plea and sentenced him to a term of 300 months imprisonment as stipulated in the binding plea agreement. Hunter then appealed the Court's denial of his motion to withdraw his guilty plea, which the Eleventh Circuit affirmed on November 19, 2014. On October 15, 2015, Hunter filed the instant motion.

### III. Discussion

**A. Timeliness and Non-Successive Nature of Hunter's § 2255 Motion**

Because Hunter filed his § 2255 motion within one year of the date that the judgment of his conviction became final, his motion is timely. *See* 28 U.S.C. §

2255(f)(1). Furthermore, nothing in the record indicates that Hunter has previously filed a § 2255 motion. Thus, the current motion is not "successive" within the meaning of § 2255(h).

### B. Effect of Hunter's Plea Agreement

Hunter waived certain rights when he entered into his guilty plea, but he did not waive the right to raise a claim of ineffective assistance of counsel. (Cr. Doc. 70 at Page 10.) Hunter essentially asserts five grounds for relief based on ineffective assistance of counsel:[2]

1. Counsel failed to request a downward departure for diminished capacity;
2. Counsel "catastrophically failed to prepare a trial defense;"
3. Counsel failed to file a motion to suppress evidence obtained in violation of 21 U.S.C. § 861(a)(2);
4. Counsel failed to object to the use of Hunter's juvenile convictions in calculating his criminal history under the sentencing guidelines; and
5. Counsel failed to object to the application of a firearm enhancement to three of the four robbery counts in violation of the sentencing guidelines.

Claims of ineffective assistance of counsel may be raised for the first time in a § 2255 motion and are therefore not subject to a procedural bar if the petitioner did not raise the issue on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). In order for a convicted defendant's claim of ineffective assistance of

---

[2] Hunter asserted the first two grounds in his original petition, while the third, fourth, and fifth grounds were raised in a "supplemental and addendum" petition. Hunter also asserted what he listed as a sixth ground for ineffective assistance of counsel, however his sixth ground offered nothing more than a summary of the five other grounds. (Doc. 6 at Page 9.)

counsel to warrant post-conviction relief, two components must be present—deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate deficient performance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. To demonstrate prejudice, the defendant must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 694. The court need not "address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

In determining whether an attorney's performance fell below the objective standard of reasonableness, the court is highly deferential to counsel's decisions and must keep in mind that "a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged performance, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. The court must also indulge a strong presumption that counsel's performance falls within the "wide range of reasonable professional assistance." *Id.* When seeking to overcome this presumption, a movant cannot rely on bare accusations and complaints but instead "must identify the acts or omissions of

counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690.

### C. Hunter's Claim of Ineffective Assistance of Counsel Regarding Attorney Luker's Failure to Seek a Downward Departure

Hunter first asserts that Attorney Luker acted unreasonably by failing to request a downward departure for diminished capacity. Section 5K2.13 of the Federal Sentencing Guidelines governs downward departures for defendants suffering from diminished capacity:

> "A downward departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense. Similarly, if a departure is warranted under this policy statement, the extent of the departure should reflect the extent to which the reduced mental capacity contributed to the commission of the offense.
>
> However, the court may not depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants; (2) the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public; or (4) the defendant has been convicted of an offense under chapter 71, 109A, 110, or 117, of title 18, United States Code."

U.S. Sentencing Guidelines Manual § 5K2.13. Here, Hunter has failed to show that he was eligible for a downward departure or that Attorney Luker was deficient in failing to request it.

Although Hunter contends that he was "incapable of making a knowledgeable decision" because of "brain damage, PTSD, and mild mental retardation" (Doc. 1 at Page 4), his allegations are contradicted by the record. Dr. Griffith and Dr. Ackerson concluded from their evaluations that Hunter was competent at the time of the offenses and that he knew what he was doing was wrong. (Cr. Doc. 37 at Page 8; Cr. Doc. 40 at Page 9.) Hunter requests an evidentiary hearing to "explore [his] diminished capacity." (Doc. 1 at Page 13.) However, such a hearing is not warranted on this issue. *See Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (a district court is not required to hold an evidentiary hearing on a petitioner's § 2255 claims when the petitioner's allegations are affirmatively contradicted by the record).

Further, even if Hunter's mental evaluations had indicated that Hunter suffered from a significantly reduced mental capacity at the time of the offenses, Attorney Luker did not act unreasonably in failing to seek a downward departure because the charged offenses involved a serious threat of violence. *See, e.g.*, *United States v. Braxton*, 19 F.3d 1385, 1386 (11th Cir. 1994) (holding that Section 5K2.13 was inapplicable to a defendant convicted of armed robbery because "armed robbery is not a 'non-violent offense'"). Thus, Attorney Luker was not deficient in failing to request a downward departure.

### D. Hunter's Claim of Ineffective Assistance of Counsel Regarding Attorney Luker's Failure to Prepare a Trial Defense

Hunter's second ineffective assistance of counsel claim is simply that "[c]ounsel catastrophically failed to prepare a trial defense." (Doc. 1 at Page 5.) Hunter offers no specific facts to support his claim. Further, the record contradicts his claim that Attorney Luker had not worked to prepare a trial defense. Attorney Luker filed motions for disclosure of certain pre-trial evidence (Cr. Doc. 43, 44), as well as a motion in limine. (Cr. Doc. 65.) And, at his plea hearing, Hunter indicated that he was pleased with Attorney Luker's representation and that Attorney Luker had spent sufficient time working with him on his case. Assuming *arguendo* that Attorney Luker's trial preparation fell below professional standards, Hunter nevertheless fails to establish that there is a reasonable probability that the performance of his counsel affected the outcome of his case, because Hunter pled guilty and no trial defense was required.

### E. Hunter's Claim of Ineffective Assistance of Counsel Regarding Counsels' Failure to Have the Indictment Dismissed Under 21 U.S.C. § 861(a)(2)

In his third ineffective assistance of counsel claim, Hunter contends that both his trial and his appellate counsel failed to file motions to suppress evidence obtained in violation of 21 U.S.C. § 861(a)(2). Hunter supports this claim by

contending that he was unlawfully implicated in the robberies by an individual under the age of eighteen who was interrogated by an investigator from the Tuscaloosa County Sheriff's Department. (Doc. 6 at Page 5.) Under 21 U.S.C. § 861(a),

> "It shall be unlawful for any person at least eighteen years of age to knowingly and intentionally-- . . . (2) employ, hire, use, persuade, induce, entice, or coerce, a person under eighteen years of age to assist in avoiding detection or apprehension for any offense of this subchapter or subchapter II of this chapter by any Federal, State, or local law enforcement official."

21 U.S.C. § 861(a). The subchapters to which the statute refers address drug offenses and offenses for the import and export of controlled substances. This statute prohibits the use of a minor to assist in *avoiding* detection or apprehension for certain *drug* offenses, and thus does not support Hunter's argument. Hunter's trial and appellate counsel were not ineffective in failing to raise this statute as a ground to dismiss his indictment or suppress evidence.

### F. Hunter's Claim of Ineffective Assistance of Counsel Regarding the Failure to Challenge the Computation of His Criminal History

As his fourth ground for ineffective assistance of counsel, Hunter contends that trial and appellate counsel were deficient in failing to object to the use of juvenile convictions to compute his criminal history under the sentencing guidelines. However, the sentencing guidelines specifically allow for the use of

certain juvenile convictions when computing a defendant's criminal history. *See* U.S.S.G. § 4A1.2(d) (addressing point allocation for offenses committed prior to age eighteen).

To the extent that Hunter contends that counsel were ineffective in failing to argue that his criminal history was improperly computed, he is incorrect. Hunter had two juvenile convictions, one of which included confinement for at least sixty days, and both of which had sentences imposed within the five years of the Hobbes Act offenses. The three points added to Hunter's criminal history computation from these two convictions were proper under U.S.S.G. § 4A1.2(d)(2). Thus, Hunter's counsel were not deficient in failing to object to the criminal history computation.

### G. Hunter's Claim of Ineffective Assistance of Counsel Regarding the Failure to Challenge the Presentence Investigation Report's Offense Level Computation

Hunter also contends that trial and appellate counsel were ineffective in failing to challenge the firearm enhancements added to Counts 1, 2, and 6. Hunter states that weapon enhancements may not be added to an underlying offense if a sentence is also being imposed under 18 U.S.C. § 924(c), and that counsel were deficient in not raising this objection.

However, Hunter was only sentenced for one count of violating 18 U.S.C. § 924(c)—Count 5, which addressed Hunter's brandishing a firearm during the Hobbs Act offense charged in Count 4. Hunter is correct that the commentary published with the Sentencing Guidelines states that "[i]f a sentence under [U.S.S.G. § 2K2.4] is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense." U.S.S.G. comment n.4. However, if a defendant is convicted of multiple robberies, but is only convicted under 18 U.S.C. § 924(c) in connection with one of those robberies, weapon enhancements may apply to the other robberies. *See* U.S.S.G. comment n.4 ("[I]f a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery.").

Here, the firearm enhancements under Counts 1, 2, and 6 were proper, as those robberies were not the basis for the the 18 U.S.C. 924(c) violation to which Hunter pled guilty. Thus, the Presentence Investigation Report correctly applied the weapon enhancements to Counts 1, 2, and 6, and Hunter's trial and appellate counsel were not deficient in failing to object to these enhancements.

## IV. Conclusion

For the foregoing reasons, the petitioner's § 2255 motion is due to be dismissed. An appropriate order will be entered.

This Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28. U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate and deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds that Hunter's claims do not satisfy either standard.

**DONE** AND **ORDERED** ON JANUARY 5, 2016.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
182184